FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADAM C. P., | NO: 2:24-CV-248-RMP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff

Adam C. P.[1], ECF No. 11, and Defendant the Commissioner of Social Security (the

"Commissioner"), ECF No. 14.  Plaintiff seeks judicial review, pursuant to 42

U.S.C. §§ 405(g), of the Commissioner's denial of her claim for Social Security

Income ("SSI") under Title XVI of the Social Security Act (the "Act").  *See* ECF

No. 11 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and middle and last initials.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 1

Having considered the parties' briefs including Plaintiff's reply, ECF No. 15, the administrative record, and the applicable law, the Court is fully informed.  For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### General Context

After a prior unsuccessful application for disability benefits filed in April 2015, Plaintiff applied for SSI in August 2020, alleging an onset date of July 27, 2019.  Administrative Record ("AR")[2] 15, 47–61, 108–32, 195.  Plaintiff was 33 years old on the alleged disability onset date and asserted that he was unable to work due to a combination of impairments, including cerebral palsy, knee problems, lower back pain, flat feet, and anxiety, depression, and stress.  AR 252–53, 285.  On August 1, 2022, the Administrative Law Judge ("ALJ") issued an unfavorable decision, and Plaintiff sought review by this Court.  *See* AR 15–28.  This Court remanded the matter to the agency following a stipulated motion for remand from the parties.  AR 737–38.  Pursuant to the parties' stipulation, the Court directed the Commissioner to remand the matter to an ALJ to reevaluate the issue of disability for the relevant period.  AR 737–38.

---

[2] The AR is filed at ECF No. 6.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

On April 29, 2024, Plaintiff appeared telephonically with attorney Cory Brandt for a hearing on remand before ALJ Jesse K. Shumway.  AR 693–95. Plaintiff was represented by attorney Robert Tree.  AR 841.  The ALJ heard from Plaintiff and vocational expert ("VE") Daniel McKinney.  AR 693–707.

ALJ Shumway found the presumption of non-disability had been overcome and did not adopt any findings from the prior ALJ decision.  AR 673.  Nonetheless, ALJ Shumway issued an unfavorable decision on May 21, 2024, and the Appeals Council denied review.  AR 672–84; ECF No. 1.

***ALJ's Decision***

Applying the five-step evaluation process, ALJ Shumway found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since August 11, 2020, the application date.  AR 675.

**Step two:** Plaintiff has the following severe impairments: cognitive disorder, depressive disorder, personality disorder, and anxiety disorder.  AR 675–76 (citing 20 C.F.R. § 416.920(c)).  ALJ Shumway also found several impairments to be non-severe, including: pes planus, treated with orthotics; history of patellar dislocation; hyperlipidemia; fracture left pinky toe; fracture right little finger; lateral epicondylitis; history of nephrolithiasis; hemorrhoids; lumbar strain; scalp contusion; and post-concussive syndrome.  AR 676.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 3

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).  AR 676.  In reaching this conclusion, the ALJ considered listings 12.02 (neurocognitive disorders), 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.08 (personality and impulse-control disorders).  With respect to finding that Plaintiff does not satisfy the paragraph "B" criteria, the ALJ found that Plaintiff has no more than a moderate limitation in: understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace.  AR 676–77.  The ALJ further found that Plaintiff is mildly limited in adapting or managing oneself.  AR 677.  The ALJ also found that the paragraph "C" criteria are not satisfied.  AR 677.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff can perform a full range of work at all exertional levels with the following nonexertional limitations: "he is limited to simple, routine tasks; and he can have only occasional, superficial interaction with the public, supervisors[,] and coworkers."  AR 677.

In formulating Plaintiff's RFC, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"  AR 678.

**Step four:** The ALJ found that Plaintiff has no past relevant work.  AR 683 (citing 20 C.F.R. § 416.965).

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 34 years old, which is defined as a younger individual (age 18-49), on the date the application was filed.  AR 683 (citing 20 C.F.R. §§ 416.963 and 416.964). The ALJ found that transferability of job skills is not material to the determination of disability because Plaintiff does not have past relevant work.  AR 683 (citing 20 C.F.R. § 416.968).  The ALJ further found that, given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that Plaintiff can perform.  AR 683.  The ALJ recounted that the VE testified that an individual with Plaintiff's RFC would be able to perform the requirements of representative occupations such as: washer (light work with approximately 117,000 jobs nationwide), labeler (medium work with approximately 162,000 jobs nationwide), and packager (light work with approximately 110,000 jobs nationwide). AR 684.

The ALJ concluded that Plaintiff has not been under a disability, as defined in the Act, since August 11, 2020, the date the application was filed.  AR 684 (citing (20 C.F.R. § 416.920(g)).

Through counsel Plaintiff sought review of the ALJ's decision in this Court. ECF No. 1.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 5

# LEGAL STANDARD

## *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 6

decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. § 416.920.  Step one determines if he is engaged in substantial gainful activities.  If the claimant is

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §

416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision-

maker proceeds to step two and determines whether the claimant has a medically

severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  If

the claimant does not have a severe impairment or combination of impairments, the

disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which

compares the claimant's impairment with listed impairments acknowledged by the

Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §

416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment

meets or equals one of the listed impairments, the claimant is conclusively presumed

to be disabled.

If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work that he has performed in the past.  If the

claimant can perform his previous work, the claimant is not disabled.  20 C.F.R. §

416.920(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process

determines whether the claimant is able to perform other work in the national

economy considering his residual functional capacity and age, education, and past

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 8

work experience.  20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff's brief raises the following issues regarding the ALJ's decision:

1.  Did the ALJ erroneously assess Plaintiff's impairments at step two?

2.  Did the ALJ erroneously assess the opinions of four medical sources?

3.  Did the ALJ erroneously discount Plaintiff's subjective symptom testimony and the lay witness statement?

4.  Did the ALJ fail to meet his step five burden?

### *Step Two*

Plaintiff argues that the ALJ erroneously dismissed Plaintiff's bilateral pes planus and a number of other impairments as unsupported by "objective medical evidence to show that these impairments are more than transient or that they cause

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

1    significant vocational limitations." ECF No. 11 at 8 (citing AR 675). Plaintiff

2    argues that the ALJ's erroneous dismissal of some of Plaintiff's severe impairments

3    is harmful error "because it indicates that his RFC finding was incomplete and was

4    not based on an accurate review of [Plaintiff's] impairments." ECF No. 15 at 2.

5         The Commissioner responds that while Plaintiff may think that the ALJ

6    should have found more of his impairments severe, "he has not shown that any

7    additional severe impairments would have resulted in a different outcome." ECF

8    No. 14 at 4. The Commissioner further argues that Plaintiff's pain and gait

9    abnormality from pes planus were resolved by orthotics and that flat feet did not

10   severely impair his ability to work. *Id.* (citing AR 580–81, 1053). Similarly, the

11   Commissioner argues that neither Plaintiff's "alleged history of cerebral palsy" nor

12   Plaintiff's history of knee or back pain have any current effect on Plaintiff's ability

13   to work. *Id.* (citing AR 1053–55).

14        At step two, an ALJ may find impairments or combinations of impairments to

15   be non-severe "if the evidence establishes a slight abnormality that has no more than

16   a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d

17   683, 686 (9th Cir. 2005); *see also* Social Security Ruling ("SSR") 85-28, 1985 SSR

18   LEXIS 19 at *8, 1985 WL 56856, at *3. Nevertheless, where, as here, the ALJ finds

19   at step two that a claimant has a severe impairment, he proceeds to the next step in

20   the sequential analysis. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052

21   (9th Cir. 2006); 20 C.F.R. § 416.920(a)(4)(ii). An ALJ must consider the limiting

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 10

effects of all impairments, including those that he found non-severe, when

formulating the claimant's RFC. *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir.

2014). Consequently, an ALJ's step two error may be harmless if the ALJ

considered and properly accounted for the symptoms from the non-severe

impairment at later steps.

The ALJ found that Plaintiff has four severe mental or psychological

impairments. AR 675. However, the ALJ found that Plaintiff's pes planus, treated

with orthotics, is a non-severe impairment. AR 675. The ALJ further found that the

record does not substantiate cerebral palsy as a current medically determinable

impairment. AR 675–76. The ALJ noted 2019 testimony, prior to an earlier

administrative decision, in which a physician noted that the record lacked physical

examination findings consistent with a diagnosis of cerebral palsy and that the

additional evidence that Plaintiff submitted "shows only his allegation of cerebral

palsy, without any diagnoses, medical signs, or findings consistent with cerebral

palsy." AR 675–76 (citing AR 549, 595).

Plaintiff does not dispute that his pain from pes planus, or flat feet, was

ameliorated by orthotics, which is described by his provider as "conservative

treatment" for his condition. AR 580–81, 1053–54; *see also* ECF No. 11 at 9.

Plaintiff further does not show that the record supports his allegation that either

cerebral palsy or chronic pain presently severely inhibits his capacity to work, and,

indeed, there is support from the relevant period that these conditions have "no

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

current effect" on his ability to work.  *See* AR 1053–55.  The Court finds no error, harmless or otherwise, on this ground.

### Medical Source Opinions

Plaintiff argues that the ALJ failed to properly assess the medical opinions of John Arnold, Ph.D., Norman Staley, M.D., Dorothy Leong, M.D., and Lance Anders, ARNP.  ECF No. 11 at 10–11.

The Commissioner responds that the ALJ satisfied the requirement that he address the supportability of the medical sources' opinions, as well as the consistency of the opinions with the record.  ECF No. 14 at 4–5.

The Court addresses the ALJ's treatment of each of the challenged medical opinions in turn.

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program.  20 C.F.R. § 416.920c(c)(1)-(5).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 12

1    Supportability and consistency are the "most important" factors, and the ALJ

2 must articulate how she considered those factors in determining the persuasiveness

3 of each medical opinion or prior administrative medical finding.  20 C.F.R. §

4 416.920c(b)(2).  With respect to these two factors, the regulations provide that an

5 opinion is more persuasive in relation to how "relevant the objective medical

6 evidence and supporting explanations presented" and how "consistent" with

7 evidence from other sources the medical opinion is.  20 C.F.R. § 416.920c(c)(1).

8 The ALJ may explain how she considered the other factors, but is not required to do

9 so, except in cases where two or more opinions are equally well-supported and

10 consistent with the record.  20 C.F.R. § 416.920c(b)(2), (3).  Courts also must

11 continue to consider whether the ALJ's finding is supported by substantial evidence.

12 *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to

13 any fact, if supported by substantial evidence, shall be conclusive . . . .").

14    Prior to revision of the regulations, the Ninth Circuit required an ALJ to

15 provide clear and convincing reasons to reject an uncontradicted treating or

16 examining physician's opinion and provide specific and legitimate reasons where the

17 record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

18 (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

19 regulations revised in March 2017 are "clearly irreconcilable with [past Ninth

20 Circuit] caselaw according special deference to the opinions of treating and

21 examining physicians on account of their relationship with the claimant."  *Woods v.*

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 13

1  *Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22,

2  2022).  The Ninth Circuit continued that the "requirement that ALJs provide

3  'specific and legitimate reasons' for rejecting a treating or examining doctor's

4  opinion, which stems from the special weight given to such opinions, is likewise

5  incompatible with the revised regulations."  *Id*. at *15 (internal citation omitted).

6  The Ninth Circuit has further held that the updated regulations comply with both the

7  Social Security Act and the Administrative Procedure Act, despite not requiring the

8  ALJ to articulate how he or she accounts for the "examining relationship" or

9  "specialization factors."  *Cross v. O'Malley*, No. 23-35096, 2024 U.S. App. LEXIS

10  302, at *7–12 (9th Cir. Jan. 5, 2024).

11      Accordingly, as Plaintiff's claim was filed after the new regulations took

12  effect, the Court refers to the standard and considerations set forth by the revised

13  rules for evaluating medical evidence.  *See* AR 195.

14      **Dr. Arnold**

15      Plaintiff argues that in finding that Dr. Arnold's opinion was unsupported by

16  his examination findings, the ALJ "failed to recognize the stark differences between

17  a clinical environment and a work environment."  ECF No. 11 at 10–11.  Plaintiff

18  continues that it is not rational for the ALJ to expect Plaintiff's presentation for a

19  mental status examination to be directly related to his ability to function in a

20  workplace.  *Id.*  Plaintiff asserts that the ALJ should have considered Dr. Arnold's

21  clinical observations of Plaintiff in the context of Plaintiff's medical history,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 14

1  Plaintiff's subjective reports, and the differences between a clinical and work

2  environment.  *Id.*

3        The Commissioner responds that the ALJ reasonably found that Dr. Arnold

4  did not adequately support his opinion that Plaintiff is markedly limited in learning

5  new tasks when Dr. Arnold's examination of Plaintiff found normal abstract thought

6  and normal performance on concentration tasks.  ECF No. 14 at 6 (citing AR 680).

7  The Commissioner also argues that the ALJ reasonably discounted Dr. Arnold's

8  opinion based on its inconsistency with "eleven mostly normal mental status

9  examinations" in the record.  *Id.* (citing AR 680, 389, 461, 556, 573, 596, 623, 629,

10  968, 984, 992, and 998).

11        Dr. Arnold conducted a psychological evaluation of Plaintiff on July 8, 2020.

12  Dr. Arnold opined that Plaintiff is markedly limited overall based on his marked

13  limitations in five basic work activities, including: performing activities within a

14  schedule, maintaining regular attendance, and being punctual within customary

15  tolerances without special supervision; learning new tasks; adapting to changes in a

16  routine work setting; communicating and performing effectively in a work setting;

17  and completing a normal work day and work week without interruptions from

18  psychologically based symptoms.  AR 440–41.  Dr. Arnold's mental status

19  examination of Plaintiff found Plaintiff to be within normal limits in all areas except

20  for "thought process and content," for which Dr. Arnold found Plaintiff to be outside

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 15

of normal limits due to "questionably clinically sig. hallucinations, delusions, or similar." AR 442.

The ALJ found Dr. Arnold's opinion that Plaintiff is markedly limited to be "not persuasive." AR 680. The ALJ reasoned that Dr. Arnold's examination of Plaintiff found no abnormalities except for a moderately anxious/depressed mood "and reports of hallucinations and delusions that Dr. Arnold found 'questionably clinically' significant." AR 680 (quoting AR 442). The ALJ found Dr. Arnold's "mundane findings . . . woefully insufficient to support the marked limitations Dr. Arnold claimed are present." Specifically, the ALJ pointed to Dr. Arnold's opinion that Plaintiff's marked limitation in learning new tasks is unsupported by Plaintiff's normal abstract thought and ability to perform concentration tasks such as serial sevens on examination. AR 680. The ALJ further reasoned that the generally normal mental status examinations throughout the record are inconsistent with Dr. Arnold's opinion. AR 680 (citing AR 680, 389, 461, 556, 573, 596, 623, 629, 968, 984, 992, and 998).

Plaintiff's argument that Plaintiff may present differently in a clinical versus a work setting does not undermine the substantial evidence that the ALJ cited in finding Dr. Arnold's opinion unsupported by Dr. Arnold's examination of Plaintiff and inconsistent with other medical evidence. As supportability and consistency are the most important factors for an ALJ to consider in evaluating medical source opinions, the Court finds no error in the ALJ's assessment of Dr. Arnold's opinion.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 16

**Drs. Staley and Leong**

Plaintiff argues that the ALJ erroneously discounted the opinions of state agency consultants Drs. Staley and Leong as "not consistent with the overall objective medical evidence."  ECF No. 11 at 13 (citing AR 681).  Plaintiff asserts that this finding is too vague and conclusory to amount to adequate reasoning, and there are remarkable objective findings in the record to support these medical sources opinions.  *Id.* at 13–14 (citing 531, 573, 622, and 984 to support that Plaintiff has tenderness to palpation and pain with range of motion in several areas).

The Commissioner responds that the ALJ reasonably cited to twenty-four examples normal and physical neurological examinations that were inconsistent with the administrative medical findings from the state agency consultants.  ECF No. 14 at 6 (citing AR 680, 389, 461, 556, 573, 596, 623, 629, 968, 984, 992, and 998).

Dr. Staley assessed Plaintiff's physical functional limitations on April 1, 2021, and opined that Plaintiff could lift twenty pounds occasionally and ten pounds frequently, could stand and/or walk for a total of four hours and sit for a total of six hours in an eight-hour workday. AR 96.  Dr. Staley noted, "His employment rarely lasts over 30 days due to lack of mental and physical ability.  He has needed a advocate his entire life and he really is unemployable and requires lifetime support and a SSI allowance but has not adequate findings to allow unless use physical and mental to allow."  AR 97 (as written in original).

1    Dr. Leong evaluated Plaintiff's physical functional limitations on September

2    30, 2021, and assessed limitations that were similar to, but less restrictive than, those

3    assessed by Dr. Staley.  AR 144–48.

4    As an initial matter, the Court notes that it is not clear what Dr. Staley meant

5    by his opinion that Plaintiff "really is unemployable and requires lifetime support

6    and a SSI allowance but has not adequate findings to allow unless use physical and

7    mental to allow."  AR 97.  With respect to the portion of Dr. Staley's opinion, and

8    Dr. Leong's opinion, that Plaintiff that assessed specific limitations, the ALJ found

9    the findings of Drs. Staley and Leong to be unpersuasive "because they are not

10    consistent with the overall objective medical evidence."  AR 681.  The ALJ cited to

11    records supporting that Plaintiff displayed normal gait at appointments and had

12    unremarkable neurological examinations.  AR 681 (citing AR 389, 461, 556, 573,

13    596, 623, 629, 968, 984, 992, and 998).

14    The records cited support that Plaintiff presented at appointments in no acute

15    distress, with normal range of motion, and without notable neurological deficits.  AR

16    389, 460–61, 556, 573, 596, 623, 629, 968, 984, 992, and 998.  The ALJ's reference

17    to these records is specific, clear, and addresses the factor of the consistency of Drs.

18    Staley and Leong's findings with the record as a whole, and the Court finds no error

19    in the ALJ's assessment.

20    / / /

21    / / /

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 18

**ARNP Anders**

Lastly, with respect to medical sources, Plaintiff challenges the ALJ's assessment of the psychological evaluation of Mr. Anders, ARNP. ECF No. 11 at 14–15. Plaintiff argues that the ALJ erroneously discounted Dr. Anders' opinion because it was based solely on Plaintiff's self-report and was inconsistent with the longitudinal record. ECF No. 11 at 15 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (observing that psychiatric diagnoses depend in part on a patient's self-report, as well as on the clinician's observations of the patient).

The Commissioner responds that the ALJ clearly and thoroughly addressed the support for and consistency of Mr. Anders' assessed limitations when he reasoned that the limitations that Mr. Anders found were supported only by Mr. Anders' interpretation of Plaintiff's self-report and not by Mr. Anders' examination findings. ECF No. 14 at 7 (citing AR 682). The Commissioner also defends the ALJ's reliance on "eleven instances of unremarkable objective findings throughout the record" in discounting Mr. Anders' findings. *Id.* (citing AR 682, 389, 461, 556, 573, 596, 623, 629, 968, 984, 992, and 998).

The ALJ found Mr. Anders' opinion "not persuasive," "does not make sense," and is not well supported by the examination findings. AR 682. The ALJ noted that Mr. Anders' examination findings showed that Plaintiff had some difficulty with concentration and memory, but inexplicably found that Plaintiff would not have difficulty performing detailed and complex tasks. AR 682. The ALJ further found

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 19

1    that the limitations that Mr. Anders "did assign likewise are not supported by his

2    exam findings."  AR 682.  The ALJ continued: "The notion that the claimant would

3    have difficulty working consistently without special or additional instructions, and

4    that he would have difficulty with attendance, is expressly based solely on the

5    claimant's self-reports, not any exam findings."  AR 682.

6        The ALJ did not discount Mr. Anders opinion entirely on the basis that Mr.

7    Anders relied on Plaintiff's self-report.  Rather, the ALJ cited to portions of the

8    record supporting that Mr. Anders' opinion was based on unremarkable objective

9    findings throughout the treatment notes, Plaintiff's minimal engagement in mental

10   health treatment, and Plaintiff's inconsistent self-reports of doing well and suffering

11   minimal symptoms.  AR 682 (citing AR 389, 461, 556, 573, 596, 600, 608, 623,

12   629, 968, 984, 992, and 998).  The ALJ's adequate reasoning that is based on

13   substantial evidence in the record and, therefore, is not in error.

14       Consequently, the Court finds no error in the ALJ's treatment of the medical

15   source opinions.  In addition, the Court notes that Plaintiff also argues that the ALJ

16   should have more extensively incorporated medical source opinions that he credited

17   into the RFC; however, Plaintiff does not specify how the RFC or the hypothetical

18   posed to the VE should have been different due to these opinions in his arguments

19   regarding step five.  *Compare* ECF No. 15 at 4 *with* ECF No. 15 at 7–8.  The Court

20   does not find error with respect to the medical source opinions that the ALJ credited

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 20

1  either in formulating the RFC or in posing a hypothetical to the VE and resolving

2  step five.

3  ### *Plaintiff's Subjective Statements*

4  Plaintiff argues that the ALJ mistakenly discounted his subjective symptom

5  testimony and the testimony of Plaintiff's brother. ECF No. 11 at 16–19. Plaintiff

6  argues that the ALJ failed to identify any specific allegations that were inconsistent

7  with any specific objective evidence. *Id.* at 16. Plaintiff further argues that his daily

8  activities are sporadic and difficult to complete, so they do not undermine his

9  testimony. *Id.* at 17. Plaintiff further takes issue with the ALJ relying on lack of

10  treatment to undermine his mental health complaints when Plaintiff testified that it

11  was his mental health symptoms that caused him to miss group therapy. *Id.* at 17–18

12  (citing AR 697). Lastly, Plaintiff argues that his numerous failed work attempts

13  support his allegations of disabling limitations, rather than suggest that reasons other

14  than his limitations from impairments are the cause of his lack of work. *Id.* at 18

15  (citing AR 439).

16  The Commissioner responds that the ALJ cited to twenty-four examples of

17  Plaintiff presenting normally for physical and neurological examinations and eleven

18  examples of normal or mild psychiatric findings. ECF No. 14 at 10 (citing AR 389,

19  397, 449, 452, 458, 461, 496, 521, 556, 573, 596, 604, 618, 622, 626, 629, 660, 663,

20  917, 968, 984, 992, and 998). The Commissioner also argues that the activities of

21  daily living that the ALJ relied on are analogous to those in *Ahearn v. Saul*, 988 F.3d

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 21

1111, 1117 (9th Cir. 2021), in which the Circuit affirmed an ALJ's finding that the claimant's complaints were inconsistent with activities like using a computer, playing video games, watching television, doing chores, and taking public transportation. *Id.* at 11.

Plaintiff alleged disability due to the following physical and mental health conditions, as summarized in the ALJ's decision:

> In a function report, on August 18, 2020, the claimant endorsed limitations with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, talking, stair climbing, seeing, memory, completing tasks, concentration, understanding, following instructions, using hands, and getting along with others. In another function report, on February 2, 2021, the claimant endorsed limitations with completing tasks, concentration, understanding, following instructions, and getting along with others.

> The claimant testified at the 2022 hearing he had mental health issues, including loss of interest in things he used to enjoy, disturbed sleep, weight loss, and thoughts of suicide. He stated he had problems being around people and socializing. He stated he mostly kept to himself. He stated his concentration was "off the wall," and noted deficits in concentration. He noted his energy level was "up and down." He stated he had feelings of guilt or worthlessness. He noted knee and left foot problems. He stated he could stand to wash a bowl or two and then would have to sit down. He stated he could vacuum for five or ten minutes and then need to take a break.

> The claimant testified at the 2024 hearing his mental health had gotten worse. He stated he would not want to get out of bed some days or see people. He stated he found it difficult to be around people, and that both large and small crowds stressed him out. He stated about three days per week, he did not leave his home. He stated he used to like to play pool but did not do this anymore. He stated he did not clean his apartment like he used to or prepare meals like he used to. He stated if he tried to do a side job, he would get frustrated easily and he would either walk off site, stop helping, or not contact or respond to them

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 22

anymore. The claimant testified he had problems starting tasks, and then he would either shut down or walk off the site. He stated he did not sleep well, did not eat well, stayed to himself, and thought about the bad mostly. The claimant stated he could not stand for long periods of time and could only stand for about five to ten minutes. He stated he could not squat or bend. He stated he would only walk to go grocery shopping or to get to his groups. He stated he spent half of his day reclined in a chair. He stated he would take breaks when he did household chores. He stated he could do 15 to 20 minutes of chores like vacuuming and then take a break.

.

AR 678 (citing AR 273–81, 298–305).

The ALJ's reasoning in discounting these allegations included that the objective evidence throughout the record is unremarkable; Plaintiff has high-functioning activities of daily living; Plaintiff's course of treatment has been minimal and inconsistent with disability; Plaintiff's "pattern of past, contemporaneously[-]recorded statements to providers is also inconsistent with disability"; and Plaintiff's work history was sporadic and "weak" for years before his alleged onset date, "suggesting the cause of his ongoing underemployment is likely something of longer standing than his current medical impairments." AR 679–80.

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 23

1    *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

2    *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  The claimant "need not show that her

3    impairment could reasonably be expected to cause the severity of the symptom she

4    has alleged; she need only show that it could reasonably have caused some degree of

5    the symptom." *Smolen*, 80 F.3d at 1282.  Second, if the first test is met and there is

6    no evidence of malingering, "the ALJ can reject the claimant's testimony about the

7    severity of her symptoms only by offering specific, clear and convincing reasons for

8    doing so." *Id.* at 1281.  Thus, "the ALJ may not reject subjective symptom

9    testimony . . . simply because there is no showing that the impairment can

10   reasonably produce the degree of symptom alleged." *Id*. at 1282.

11        The ALJ cited to numerous medical records that support that Plaintiff's

12   symptoms, as alleged by Plaintiff and his brother, are not as debilitating as Plaintiff

13   alleges.  *See* AR 679 (citing AR 397, 449, 452, 458, 461, 496, 521, 556, 573, 596,

14   604, 618, 622, 626, 629, 660, 663, 917, 968, 984, 992, and 998).  This is substantial

15   evidence to support the ALJ's reasoning that objective medical evidence undermines

16   the severity of the symptoms that Plaintiff claims.

17        Furthermore, the ALJ relied on substantial evidence supporting that Plaintiff

18   is able to live independently, prepare his own meals and do his own chores, shop for

19   himself, care for his dog, socialize with friends, use public transportation, manage

20   his financial accounts, regularly go to the store, regularly attend church, and,

21   occasionally, do odd jobs and help his friends and brother.  AR 679, 274–77, 299,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 24

and 1058.  The ALJ could rely on these extensive daily activities to reason that Plaintiff's limitations are not as severe as he claims.  *See Ahearn*, 988 F.3d at 1117.

Regardless of whether the ALJ could have reached a different conclusion regarding Plaintiff's subjective symptom complaints and the statements of his brother concerning Plaintiff's limitations, the ALJ offered specific, clear, and convincing reasons for his treatment of this testimony, supported by substantial evidence.  *See Smolen*, 80 F.3d at 1281.  The Court finds no error with respect to this issue.

### Step Five

Plaintiff contends that the ALJ erred at step five because the VE testified in response to an allegedly incomplete hypothetical.  ECF No. 15 at 7.  The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect all of a claimant's limitations.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel.  *Osenbrock*, 240 F.3d at 1164.  The ALJ may accept or reject these restrictions if they are supported by substantial evidence, even when there is conflicting medical evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Plaintiff's argument assumes that the ALJ erred in his evaluation of some of Plaintiff's impairments at step two, improperly rejected some medical opinions, and improperly rejected Plaintiff's subjective testimony and the lay witness testimony.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 25

As discussed above, the ALJ's assessment of this evidence was not erroneous. Therefore, the RFC and hypothetical contained the limitations that the ALJ found credible and supported by substantial evidence in the record.  The ALJ's reliance on testimony that the VE gave in response to the hypothetical was proper.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Opening Brief, **ECF No. 11**, is **DENIED**.

2.    Defendant the Commissioner's Brief, **ECF No. 14**, is **GRANTED**.

3.    Judgment shall be entered for Defendant.

4.    The District Court Clerk shall amend the docket in this matter to substitute Frank Bisignano as the Acting Commissioner of the Social Security Administration.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment and amend the caption as directed, provide copies to counsel, and **close the file**.

**DATED** May 20, 2025.        *s/ Rosanna Malouf Peterson*
                                        ROSANNA MALOUF PETERSON
                                        Senior United States District Judge

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 26